UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
K. A. DILINI N. COORAY, *individually and on behalf of* :
*all other persons similarly situated*, :
: 
                                                Plaintiff, :    ORDER
:
                        -against- :    19-cv-1563 (ENV) (JO)
:
RICHMOND IHOP LLC and JHONG UHK KIM, :
:
                                    Defendants. :
------------------------------------------------------------------------ x

VITALIANO, D.J.

      Plaintiff K. A. Dilini N. Cooray brought this action against defendants Richmond IHOP LLC and Jhong Uhk Kim, alleging wage and overtime violations under state and federal law. Compl., Dkt. 1. Having reached a settlement, the parties moved for settlement approval on January 6, 2020, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Dkt. 23, which Magistrate Judge James Orenstein denied. *See* Dkt. 24. The parties revised the terms of settlement and renewed their motion on February 3, 2020. Dkt. 25. The parties agreed, in relevant part, that defendants would pay plaintiff a lump sum of $40,000 within 15 days of the Court's approval of the settlement and dismissal of the case, subject to certain conditions. *See* Dkt 25-1 (Settlement Agreement), at 3–4. The Court adopted Magistrate Judge Orenstein's February 5, 2020, *sua sponte* Report & Recommendations, in which he concluded that the settlement was fair and reasonable, and it granted the parties' motion for settlement approval. *See* 2/27/2020 Docket Order. The case was dismissed with prejudice on March 6, 2020. Dkt. 27.

      On May 8, 2020, plaintiff moved to enforce the settlement agreement, representing that defendants had paid only $20,000, comprised of $13,784.30 paid to plaintiff, and $6125.70 paid

1

to plaintiff's counsel, and requesting that the Court order defendants to pay plaintiff "$13,784.30, inclusive of costs and attorneys' fees," plus pre-judgment and post-judgment interest, and to pay plaintiff's counsel $6215.70, plus pre-judgment and post-judgment interest. Dkts. 28, 28-1. Plaintiff also requested that the Court order an automatic increase of the amount of judgment by 15 percent, pursuant to §§ 198(4) and 663(4) of the New York Labor Law, if any such amounts remain unpaid upon the expiration of 90 days from either the entry of judgment or expiration of the time to appeal. Dkt. 28-1.

Magistrate Judge Orenstein held a teleconference on June 23, 2020, *see* Dkts. 31, 32, and, that same day, he issued a Report and Recommendations in which he recommended that plaintiff's motion be granted, but with the following caveats. *See* 6/23/2020 Report and Recommendations ("R&R"). First, Magistrate Judge Orenstein construed plaintiff's request for payment "inclusive of costs and attorneys' fees" to mean that "plaintiff will receive the full amount contemplated under the original settlement agreement and that neither the plaintiff nor the defendants will be required to reimburse the plaintiff's counsel for the enforcement proceedings." *Id.* Second, because plaintiff represented that he seeks only to enforce the settlement contract, rather than pursue the underlying wage claims, Magistrate Judge Orenstein recommended "against granting the plaintiff's request that the judgment include a provision that a delay in paying the judgment amount great[er] than ninety days will result in an automatic fifteen percent increase of the judgment amount." *Id.* Objections to the R&R were due by July 7, 2020. *Id.*

With notice given, no party has filed objections to the R&R. In accordance with the applicable clear-error standard of review, *see Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014), the Court carefully reviewed

Magistrate Judge Orenstein's R&R, and found it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

Accordingly, plaintiff's motion for judgment based on settlement is granted as follows:

Cooray shall receive the full amount contemplated under the Court-approved settlement agreement, and that neither plaintiff nor defendants will be required to reimburse plaintiff's counsel for the enforcement proceedings. Specifically, Cooray shall recover from defendants Richmond IHOP LLC and Jhong Uhk Kim, jointly and severally, $13,784.30, plus pre-judgment interest of 9 percent per annum accruing from March 25, 2020 through the date of entry of judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961, and the plaintiff has execution therefor; and the Law Office of Justin A. Zeller, P.C. shall recover from defendants Richmond IHOP LLC and Jhong Uhk Kim, jointly and severally, $6215.70, plus pre-judgment interest of 9 percent per annum accruing from March 25, 2020 through the date of entry of judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and plaintiff and the Law Office of Justin A. Zeller, have execution therefor.

So Ordered.

Dated: Brooklyn, New York
July 10, 2020

                                               /s/ Eric N. Vitaliano
                                            ERIC N. VITALIANO
                                            United States District Judge